UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL H.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. 3:20-cv-05563-BAT

**ORDER AFFIRMING THE COMMISSIONER'S DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff appeals the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. He contends the ALJ harmfully erred (1) by discounting the mental health evaluations of examining psychologists Dr. Kimberly Wheeler, Ph.D., and Dr. Curtis G.G. Greenfield, Psy.D.; and (2) by misevaluating residual functional capacity by discounting plaintiff's symptom testimony. Dkt. 42. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 56 years old, has more than a high school education, and has worked as a cable television installer. Tr. 116, 1121, 1139–1140, 1142–44, 1172–73. In August 2017, he applied for benefits, alleging disability as of December 28, 2012. Tr. 117, 130. After plaintiff appealed an unfavorable ALJ decision, this Court ordered a sentence six remand in 2020 based

on a stipulation of the parties. Dkt. 32. After further administrative proceedings, an ALJ issued an unfavorable decision in 2022. Tr. 1278–97. In June 2023, the Appeals Council remanded that decision for a new hearing and further administrative proceedings. Tr. 1311–14. The ALJ held a new hearing in September 2023 and issued a partially favorable decision in December 2023 finding plaintiff became disabled beginning September 12, 2023, when he reached a new age classification, but was not disabled before that date. Tr. 1102–26; 1065–87. After the Appeals Council declined to review the ALJ's 2023 decision, plaintiff appealed the determination that plaintiff was not disabled prior to September 12, 2023, to this Court. Tr. 1055–57. As the Appeals Council denied plaintiff's request for review, the ALJ's 2023 decision is the Commissioner's final decision.

In the 2023 decision, the ALJ found plaintiff met the insured status requirements through December 31, 2017, and had not engaged in substantial gainful activity since the alleged onset date of disability of December 28, 2012. Tr. 1069. The ALJ determined plaintiff had the severe impairments of depression, bipolar disorder, obsessive-compulsive disorder ("OCD"), anxiety, post-traumatic stress disorder ("PTSD") and hypertension. *Id.* The ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. Tr. 1071. With clarification by the Appeals Council,[1] the ALJ determined plaintiff had the residual functional capacity ("RFC") for light work with additional mental and environmental restrictions: the capacity to follow simple instructions only, only occasional

---

[1] The Appeals Council noted the ALJ omitted physical limitations in the RFC due to a typographical error. Tr. 1056. The Appeals Council stated the ALJ indicated in the decision that plaintiff was restricted to a range of light work, posed to the vocational expert the relevant hypothetical referring to light work, and, in concluding that plaintiff was disabled as of September 12, 2023, referred to a Medical-Vocational Guidelines Rule 202.06, which applies only to individuals restricted to light work. *See* Tr. 1056 (citing Tr. 1074, 1086, 1121).

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 2

contact with the public and coworkers, and must not be required to work at heights or near hazardous machinery. Tr. 1072. The ALJ found plaintiff could not perform any past relevant work. Tr. 1084. The ALJ determined that before September 12, 2023, the date plaintiff's age category changed to an individual of advanced age, there were jobs that existed in significant numbers in the national economy that plaintiff could have performed, for example, production assembler, electrical accessories assembler, and routing clerk. Tr. 1085. The ALJ therefore found plaintiff was not disabled before September 12, 2023. Tr. 1086.

## DISCUSSION

The Court will reverse the ALJ's decision only if it is not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Plaintiff has not demonstrated the ALJ's decision to discount the opinions of Drs. Wheeler and Greenfield and plaintiff's symptom testimony was unsupported by substantial evidence or the result of harmful legal error.

1. **Mental Evaluations of Drs. Wheeler and Greenfield**

Plaintiff contends the ALJ harmfully erred by discounting the examining opinions of DSHS psychologists Drs. Wheeler and Greenfield and by not integrating their opined marked limitations into the RFC assessment. Dkt. 42, at 3–9. The Court disagrees.

The ALJ considers the persuasiveness of medical opinions using five factors (supportability, consistency, relationship with claimant, specialization, and other), but


supportability and consistency are the two most important factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2), (c) (2017). The ALJ must explain in the decision how persuasive he or she finds a medical opinion(s) and/or a prior administrative medical finding(s) based on these two factors. 20 C.F.R. §§ 404.1520c(b), 416.920c(b) (2017). The ALJ may, but is not required to, explain how he or she considered the other remaining factors, unless the ALJ finds that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported and consistent with the record, but not identical. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3) (2017). Nevertheless, an ALJ cannot reject a doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

In May 2014, Dr. Wheeler reviewed a nurse practitioner's notes from January 2014, examined plaintiff, and completed a DSHS psychological/psychiatric form. Tr. 441–45. Dr. Wheeler opined plaintiff had marked limitations on understanding, remembering, and persisting in tasks by following detailed instructions; adapting to changes in a routine work setting; communicating and performing effectively in a work setting; and completing a normal work-day and work-week without interruptions from psychologically based symptoms. Tr. 443–44. In August 2017, Dr. Greenfield reviewed Dr. Wheeler's opinion, reviewed notes from a social worker, examined plaintiff, and completed a DSHS psychological/psychiatric form. Tr. 436–40. Dr. Greenfield largely agreed with the limitations opined by Dr. Wheeler and added plaintiff had marked limitations to performing within a schedule, maintaining regular attendance, and being punctual within customary tolerances without special supervision; making simple work-related decisions; asking simple questions or requesting assistance; and maintaining appropriate

behavior in a work setting.[2] Tr. 438. Dr. Greenfield opined that overall plaintiff was markedly limited. *Id.*

The ALJ found Dr. Wheeler's opinion to be unpersuasive because (1) the checkbox form Dr. Wheeler completed contained no mention of objective findings in support of the degree of limitations described; (2) the opinion was internally inconsistent with Dr. Wheeler's own examination findings that mentioned dysphoric mood, quick return to focus on stressors, scattered concentration, and varied performance on memory tasks, but otherwise indicated normal findings; (3) the opinion was inconsistent with the longitudinal record, which showed generally stable mental health with routine treatment of symptoms with medication and therapy/counseling, as well as generally normal mental status examinations despite varied moods; and the opinion appeared to rely heavily on plaintiff's report of the symptoms, which the ALJ discounted as inconsistent with plaintiff's abilities to go fishing, interact with others, go on trips, and care for a morbidly obese family member for six months. Tr. 1081–82 (citing, *inter alia*, Tr. 580, 623, 628, 846); *see* Tr. 1079 (citing Tr. 587, 593, 2833).

The Court finds the ALJ reasonably interpreted the record and cited substantial evidence for discounting Dr. Wheeler's opinion based on lack of supportability for the conclusions reached and inconsistency with her own mental status examination, the medical record as a whole, and plaintiff's ability to do more than his symptom testimony might suggest. The Court notes, moreover, that Dr. Wheeler herself opined that plaintiff had a GAF score of 54 within the past year that suggested moderate rather than severe impairment of functioning, and that plaintiff would be impaired for 6 to 8 months, which does not meet the Social Security Act's definition of

---

[2] Dr. Greenfield did not offer any opinion regarding the domains of completing a normal work day and work week without interruptions from psychologically based symptoms and setting realistic goals and planning independently. Tr. 438.

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 5

a disability that can be expected to last for a continuous period of no less than 12 months. Tr. 443–44; *see* 42 U.S.C. §§ 216(i), 223(d), 1614(a)(3)(A); American Psychiatric Association, DSM-IV-TR 37 (4th ed. text rev. 2000).

      The ALJ discounted Dr. Greenfield's opinion for the same reasons cited to discount Dr. Wheeler's opinion. Tr. 1082. The ALJ also indicated that specific aspects of Dr. Greenfield's opinion undermined its persuasiveness. The ALJ noted that such extensive mental restrictions were not well-supported by Dr. Greenfield's own mental status examination, which noted depressive though content, anxious mood, depressed affect, and an ability to recall of 1 of 3 words, but otherwise demonstrated normal presentation and performance on the exam. Tr. 1082 (citing Tr. 439–40). Furthermore, in contradiction to Dr. Greenfield's opinion, mental status examination reports and progress notes throughout the record often mentioned normal mood and affect, and intact or normal memory. Tr. 1082 (citing, *inter alia*, Tr. 1884–85, 1888–89, 1930–31, 1999, 2400). The ALJ noted Dr. Greenfield's opined limitations presumably accounted for plaintiff's statement, "I can't keep appointments." Tr. 1082; *see* Tr. 436. However, there was no indication from Dr. Greenfield's opinion or from elsewhere in the record that plaintiff regularly missed appointments. Tr. 1082. The ALJ also found Dr. Greenfield's opinion that plaintiff was markedly limited in his ability to ask simple questions or request assistance was contradicted by plaintiff's ability to seek mental health and other treatment, follow up on unemployment benefits that were stopped, find homes for his dogs, sell his belongings, and navigate the loss of his home. Tr. 1082 (citing Tr. 438, 502–35, 1032–54). The Court finds the ALJ reasonably interpreted the record and cited substantial evidence for discounting Dr. Greenfield's opinion based on lack of supportability for the conclusions reached and inconsistency with his own and

other mental status examination, the medical record as a whole, and plaintiff's ability to do more than his symptom testimony would suggest.

The Court finds plaintiff has failed to establish the ALJ's decision to discount the opinions of Drs. Wheeler and Greenfield is unsupported by substantial evidence or marred by harmful legal error.

2. **Plaintiff's Symptom Testimony**

Plaintiff contends the ALJ erroneously assessed RFC because the ALJ failed to give specific, clear, and convincing reasons for discounting plaintiff's testimony about the impact of his mental limitations on his ability to sustain work activity. Dkt. 42, at 9–12; *see Lambert v. Saul*, 980 F.2d 1266, 1277 (9th Cir. 2020). The Court disagrees.

The ALJ discounted plaintiff's testimony that he cannot work due to PTSD, social anxiety disorder, depression, and back problems because the severity of his symptoms was not corroborated by (1) his conservative treatment history; (2) a relatively benign mental status examination history; and (3) plaintiff's own reported daily activities. Tr. 1073–79. The ALJ therefore found the RFC restriction to light work with additional limitations—simple instructions only, only occasional contact with the public and coworkers, and no work at heights or near hazardous machinery—adequately accounted for the severity of plaintiff's mental and physical impairments. Tr. 1072. The Court finds the ALJ cited specific, clear, and convincing reasons to discount plaintiff's testimony about the degree of his mental and physical limitations.

First, the ALJ found that although plaintiff received treatment for allegedly disabling impairments, that treatment has been routine in nature with medication and therapy for mental health symptoms. Tr. 1078. The ALJ noted plaintiff has not been hospitalized and the longitudinal record indicated his treatment has been effective in managing his symptoms. Tr.

ORDER AFFIRMING THE COMMISSIONER'S DECISION AND
DISMISSING THE CASE WITH PREJUDICE - 7

1078. Similarly, the ALJ noted plaintiff's treatment for physical impairments has been conservative with limited physical therapy sessions, medication prescriptions, and follow-up appointments. Tr. 1073–78. While hospitalization is not necessary to establish a disabling mental condition, there is a divergence in this particular case between the severity of symptoms Plaintiff claims, and the treatment he received. As "[e]vidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment," the Court finds the ALJ's finding in this regard, and in this particular case to be reasonably supported by the record. *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007).

Even if the Court were to find, the ALJ erred in discounting Plaintiff's testimony based upon the nature of the treatment he received, the ALJ gave other valid reasons to discount Plaintiff's testimony. The ALJ also found the medical evidence did not support disabling limitations. ("While his mood has varied, treatment records show generally stable functioning and normal observations on mental status examinations."). Tr. 1078. The ALJ noted, for example, that individual in-therapy notes through July 2023 indicated plaintiff remained stable with appropriate thought/affect, no suicidal ideation, and no apparent changes; plaintiff was actively involved in sessions, and indicated he was trying to stay active by doing things such as going fishing and driving. Tr. 1078 (citing Tr. 2833, 2836, 2839, 2842, 2844, 2847). A lack of supportive medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

The ALJ further noted that although plaintiff claimed disabling mental and physical symptoms, he engaged in activities that suggested a greater functional capacity. Tr. 1079. Plaintiff stated he isolated at home without going anywhere besides to doctor's appointments or to walk his dog in the middle of the night. However, he reported having a fun trip out-of-town

with his girlfriend; accomplished tasks related to moving, including selling an appliance, photographing other items to sell, and taking some items to a friend's house; reported going shooting and having fun; reported helping a friend care for a man who was dying, which involved staying up nights and helping to lift the man at times; he reported hanging out with his son, playing video games and fishing; and he reported going to the ocean with his girlfriend and continuing to sell things on Craig's List. Tr. 1079 (citing 316, 511, 517, 519, 524). Although plaintiff avers that none of these activities are transferrable to the workplace, "they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1113.

The Court concludes the ALJ gave multiple reasons to discount plaintiff's testimony. As at least one of the reasons was legally valid and supported by substantial evidence, the Court finds that plaintiff has failed to establish the ALJ harmfully erred in the determination to discount plaintiff's testimony about the severity of his symptoms.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

DATED this 15th day of October, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge